UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAQUANNA EVERETT,

              Plaintiff,

-against-

TAPESTRY (NEW YORK) d/b/a COACH OUTLET and TAPESTRY, INC. d/b/a COACH OUTLET,

              Defendants.

**ORDER**

24-CV-09275 (PMH)

PHILIP M. HALPERN, United States District Judge:

On December 5, 2024, Defendant Tapestry, Inc. ("Tapestry") filed a Notice of Removal from the Supreme Court of the State of New York, County of Orange, to this Court. (Doc. 1, "Not. of Removal").[1] For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Orange.

## BACKGROUND

On December 2, 2024, Shaquanna Everett ("Plaintiff") commenced a civil action in the Supreme Court of the State of New York, Orange County, against "Tapestry (New York) d/b/a Coach Outlet" and Tapestry ("Defendants"). On December 5, 2024, Tapestry filed a Notice of Removal, which attached copies of the following documents: (1) Plaintiff's Complaint (Not. of Removal, Ex. A "Compl."); and (2) the Notice of Filing of Notice of Removal (*id.*, Ex. B). Tapestry assert that this Court has subject matter jurisdiction over this dispute because (1) complete diversity exists between the parties (*id.* ¶ 8); and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs, because "Plaintiff alleges severe and permanent personal injuries"

---

[1] Tapestry, in the Notice of Removal, asserts that Plaintiff "improperly pled" Tapestry's identity as "Tapestry (New York) d/b/a Coach Outlet and Tapestry, Inc., d/b/a Coach Outlet." Tapestry asserts that there is only one proper defendant entity: "Tapestry, Inc." (Not. of Removal at 1).

(*id.* ¶ 10). These alleged injuries included "'severe personal injuries to [Plaintiff's] body and limbs, a severe shock to her nervous system and that said injuries are, in part, of a permanent nature and causing said Plaintiff to become sick, sore, lame, and disabled for a long period of time' and she has 'suffered severe pain and anguish and has been compelled to submit to medical care and treatment to be or become cured of her injuries, thereby preventing her from attending to her usual duties and daily activities all to her damage.'" (*Id.* ¶ 4 (quoting Compl. ¶¶ 30-31)).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state

court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[2] Federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)).

Plaintiff's Complaint alleges that she was injured as a result of Defendants' negligence when she was "struck by a shelf" while "shopping within the Defendants' business premises." (Compl. ¶ 26). A plaintiff's complaint, in an action to recover damages for personal injuries in New York, "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems [herself] entitled." C.P.L.R. § 3017(c). Accordingly, the Complaint does not state a specific sum of money sought from Defendants and asserts only that Plaintiff's damages "greater than the jurisdictional limits of any lower court." (Compl. at 7). If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2).

Tapestry, with respect to the amount in controversy, asserts that "when taken as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000.00 jurisdictional threshold" because Plaintiff "alleges severe and permanent personal injuries." (Not. of Removal ¶¶ 10-11). Tapestry fails to meet its burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied.

"[N]either the Complaint nor the Notice of Removal 'contains sufficient information specifying the nature and extent of Plaintiff's injuries that would permit this Court to draw a

---

[2] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

reasonable inference that the amount-in-controversy requirement has been satisfied.'" *Muniz v. CVS Albany, L.L.C.*, No. 21-CV-08179, 2021 WL 4596539, at *2 (S.D.N.Y. Oct. 6, 2021) (quoting *Brown v. NutriBullet, LLC*, No. 19-CV-05421, 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019)). Tapestry has not furnished any written indication of the amount in controversy. (*See generally* Not. of Removal). This Court, although not required to do so, has also undertaken to review the electronic docket in the state court proceeding. That docket is devoid of any written indication of the amount in controversy. (*See* Index No. EF010201-2024, NYSCEF Doc. Nos. 1-3).

Thus, as federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo*, 932 F.2d at 1046), Tapestry's conclusory allegation that the amount in controversy can fairly be read to exceed $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met.").[3]

---

[3] Separately, the Court notes that pursuant to 28 U.S.C. § 1446(b), "all defendants who have been properly joined and served must join in or consent to removal of the action." 28 U.S.C. § 1446(b)(2)(A). If fewer than all defendants sign the notice of removal, the strict unanimity rule permits removal only if "all defendants consent to removal within the statutory thirty-day period." *Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, No. 14-CV-09059, 2015 WL 1730067, at *3 (S.D.N.Y. Apr. 14, 2015). In the Second Circuit, each of the non-removing defendants must independently express their consent to removal. *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012). This requirement has been interpreted to require the submission by each defendant of "written consent unambiguously agreeing to removal." *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001). Should any defendant fail to provide its consent within the thirty-day period, remand is warranted as such failure "constitutes a fatal procedural defect in the removal procedure." *Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12-CV-05557, 2013 WL 1234958, at *6 (S.D.N.Y. Mar. 26, 2013) (quoting *In re Vill. of Kiryas Joel N.Y.*, 11-CV-08494, 2012 WL 1059395, at *3 (S.D.N.Y. Mar. 29, 2012)). Tapestry, in the Notice of Removal, alleges that it is

**CONCLUSION**

Based upon the foregoing, the Court concludes that Tapestry failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Orange. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Orange, and to close this action. All pending matters are hereby terminated.

Dated: White Plains, New York
       December 9, 2024

SO ORDERED:

_____
Philip M. Halpern
United States District Judge

---

the only properly named defendant, and that it, alone, "requests this matter be removed." (Not. of Removal at 5). Although Tapestry asserts that Plaintiff "improperly pled" Tapestry (New York) as a Defendant (Not. of Removal at 1), the Court cannot resolve that question in this posture. Tapestry (New York), to date, has not provided to the Court its written consent unambiguously agreeing to removal. It is well established in this Circuit that it is not sufficient for a non-removing defendant "to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." *Bedminster Fin. Grp., Ltd.*, 2013 WL 1234958, at *6. Accordingly, remand is separately warranted for failure of all named Defendants "to join in or consent to removal of the action." 28 U.S.C. § 1446(b).